HENDEY MACHINE CO. et al. v. PRENTICE BROS. CO.

(Circuit Court, D. Massachusetts. August 2, 1907.)

No. 124.

PATENTS—INFRINGEMENT—FEED MECHANISM FOR SCREW CUTTING LATHES.

The Norton patent, No. 470,591, for a feed mechanism for screw cutting lathes, limited to the precise combination of old elements shown and claimed, as it must be in view of the prior art, *held* not infringed by the machine of the Newton patent, No. 787,537, in which the cone gears are not located on the feed shaft as specifically described in each claim of the Norton patent.

In Equity.

Wood & Wood and Emery, Booth & Powell, for complainants.
Southgate & Southgate, for defendant.

BROWN, District Judge. This suit is for infringement of claims 2 to 7, inclusive, of letters patent No. 470,591, granted March 8, 1892, to Wendell P. Norton, for feed mechanism for screw cutting lathes. The defendant's device is constructed according to letters patent No. 787,537, granted April 18, 1905, to Albert E. Newton for change speed gearing for engine lathes. The object of the patentee, Norton, was to produce changes in the speed of the feed-shaft which gives movement to the carriage containing the screw-cutter.

The device and its mode of operation will appear from an examination of claim 2 of the patent in suit:

"2. In a device of the class described, the combination with a series of interchangeable gear-wheels, of a shaft driven from the said series of interchangeable gear-wheels, a pinion mounted to turn with and to slide on the said shaft, a driving gear-wheel in mesh with the said pinion, a second series of gear-wheels of various diameters arranged step-like on the feed-shaft and adapted to be engaged by the said driving gear-wheel, and a lever carrying the driving gear-wheel and arranged for shifting the said pinion on the said shaft and moving the driving gear-wheel in and out of mesh with the feed-shaft gear-wheels, substantially as shown and described."

The series of interchangeable gear-wheels may be transposed so as to give different speeds to a shaft. The second series of gear-wheels, arranged step-like or cone-like on the feed-shaft, gives different speeds to the feed-shaft, as power is applied to gear-wheels of different diameters. The total number of speed variations possible is the number of steps in the cone series multiplied by the number of changes of the interchangeable gears, since the shifter takes from the shaft the different speeds given it by the interchangeable gears (say three rates of speed) and at either of these rates can produce as many variations of speeds as there are steps on the cone (say 12), the total changes being 36. The shifter slides

along the shaft and comprises a handle and a pair of gear-wheels in mesh. One of the pair takes motion from the shaft and gives it to the other member of the pair, which other member engages one of the steps of the cone and thus gives motion to the feed-shaft and to the carriage containing the screw-cutter.

The fundamental organization, or generic combination comprising two series of speed varying gear-wheels, with a shifting connection, whereby the changes of the second series can be multiplied by the changes of the first series, was used in the prior art for the same purpose and in the same class of machines. The prior art upon which the defendant chiefly relies is found in the patents to Miles, No. 111,859, February 14, 1871; to Hyde, No. 247,764, October 4, 1881; to Humphreys, No. 83,774, November 3, 1868; to Bevier, No. 338,916, March 30, 1886; and to West, No. 296,491, April 8, 1884.

The patent in suit was before the Circuit Court for the Southern District of New York in Hendey Machine Co. et al. v. Prentiss Tool & Supply Co. (C. C.) 113 Fed. 592. The opinion of Judge Lacombe says (page 594):

"An examination of the prior state of the art, as disclosed in the proofs, shows that the patentee was not a pioneer. Indeed, it is not contended that he was. He has used old devices in a new combination (for there is no actual anticipation shown) to accomplish a particular result (rapidity of speed change), and a like result may be obtained by other combinations. The case is one, therefore, where the particular combination of parts and details which the patent secures to him is to be conformed to the self-imposed limitations which the patentee has inserted in the claims, and 'nothing can be an infringement which does not fall within the terms the patentee has chosen to express his invention.' McClain v. Ortmayer, 141 U. S. 419, 12 Sup. Ct. 76, 35 L. Ed. 800; Groth v. Supply Co., 9 C. C. A. 507, 61 Fed. 284. It will be noted that in every one of the claims above recited the series of gear wheels, of varying diameters, arranged step-like or in cone shape, is explicitly described as being located 'on the feed-shaft.' In the combination of defendant's lathe a similar step-like or cone-shape series of gears is found, but it is not located on the feed-shaft; but upon a countershaft arranged adjacent to, and parallel with, the feed-shaft. Defendant contends that this is an important improvement—a contention which complainant disputes, and which need not be decided. It would seem to be sufficient, under the authorities cited supra, that the step-like gears are not located where in eight separate claims the patentee distinctly asserted that they should be, to embody his invention."

This seems to me a correct interpretation of the patent, and a decision which is directly applicable to the present case.

The defendant's machine may rightfully employ the generic combination. It does not use "a series of interchangeable gear-wheels," if we give that expression the same meaning given to it in the specification of the patent in suit, but employs a double cone system generally similar in function, it is true, to complainants' interchangeable gears, but also similar to Humphreys' device for the same purpose, though the defendant has improved upon Humphreys, and uses a cone gear system as the multiplier by which three different speeds are obtained without the necessity for shifting interchangeable gears. It does not secure what complainant calls "the unlimited capacity of interchangeable gears" (which might, perhaps, follow from the substitution of other gears rather than from an interchange of the gears

shown), but limits the changes to the number possible with the fixed cone gears of the multiplier.

I am also of the opinion that the defendant's second series of cone gears is not arranged on the "feed-shaft" as the claims require. The "feed-shaft" of the patent in suit is a specific part—a threaded shaft which in screw-cutting gives motion to the carriage. Being so located, the complainants' cone gears are limited in function to providing changes for screw-cutting. The defendant has located its cone gears upon a separate shaft, or countershaft, upon which is a slip-pinion which can be shifted to engage either the threaded feed-shaft used for screw-cutting, or a second feed-rod which is used in turning. The advantages of this are said to be that a further system of feeds is obtained and the feed-shaft is employed only for cutting screw-threads. This matter is particularly referred to in the specification of the defendant's patent to Newton, page 2, lines 65 to 105.

The complainants seek to avoid the effect of Judge Lacombe's opinion by pointing out differences between the Lodge-Shipley device, there involved, and the defendant's device. It would not be profitable to discuss these differences. They do not affect the proposition that the patent in suit is of the class in which, as its specification states, "the invention consists in certain parts and details and combinations of the same."

I am of the opinion that neither as a matter of function nor as a matter of nomenclature can it be said that the defendant has located its cone-gears on the feed-shaft. The superior convenience of Norton's location of the shifting lever, and of a "one hand lever movement," and the preservation of the "unlimited capacity of interchangeable gears," are insisted upon. The last feature the defendant does not have, and the other features would probably be insufficient to constitute a patentable improvement on the devices of the prior art. These matters, however, are outside the claims. I am of the opinion that the defendant does not infringe.

The bill will be dismissed.